Elissa D. Miller (CA Bar No. 120029)
  emiller@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Bijan Kianmahd, an individual

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>EZRI NAMVAR, an individual,<br>   Debtor.<br><br>Bijan Kianmahd, an individual<br>   vs<br>Ezri Namvar, an individual | Case No. 2:08-32349-BR<br>Chapter 7<br>Adv. No. _____<br><br>**COMPLAINT FOR ALLOWANCE OF CLAIM AND JUDGMENT FOR MONEY, DETERMINATION THAT DEBT IS NONDISCHARGEABLE, AND FOR DENIAL OF DISCHARGE** |

Plaintiff Bijan Kianmahd ("Plaintiff"), an individual, alleges:

## JURISDICTION AND VENUE

1.   The above-entitled United States Bankruptcy Court (the "Court") has jurisdiction of the adversary proceeding (the "Adversary Proceeding") initiated by this complaint pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), the General Order of the District Court for the Central District of California (the "District") referring all bankruptcy cases to the bankruptcy judges of the District, and 11 U.S.C. § 727.  The Adversary Proceeding arises under title 11 and arises in a case under title 11 pending before the Court.  The bankruptcy case of Ezri Namvar is a chapter 7 case bearing Case No. 2:08-32349-BR, and is pending before the United States Bankruptcy Court, Central District of

[EDM\BANKR\529847.1]

California, Central Division.  The Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

  2. Venue of the Adversary Proceeding in this judicial district is appropriate pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

  3. At all times mentioned herein, Plaintiff Bijan Kianmahd is an individual residing in the County of Los Angeles, State of California, and authorized to do business and doing business in the County of Los Angeles, State of California.

  4. Defendant Ezri Namvar ("Namvar" or "Namvar") is the debtor in the within case, which case was commenced by the filing of an involuntary petition under chapter 7 of the Bankruptcy Code on December 22, 2008.

  5. At all times material hereto.  Defendant Namvar was and now is a resident of Los Angeles, California.  Plaintiff is informed and believes that at all times relevant hereto, Namvar was an owner or principal and officer or director of Namco Capital Group. Inc. ("Namco").

  6. Plaintiff is informed and believes that at all times relevant hereto, Defendant Namvar formed Namco with the intention of avoiding personal liability for the financial scheme described herein. Plaintiff is informed and believes, and thereon alleges, that Defendant Namvar used Namco as an alter ego by. among other things:

   a. Dominated, controlled and influenced Namco, the other officers and directors of Namco, as well as the business, and property of Namco;

   b. At all times since its incorporation, Namco has been a mere shell and naked framework which Namvar has used as a conduit for the conduct of his personal business and/or property affairs and/or as obligor for the assumption of obligations and/or liabilities incapable of performance by Namco which are the obligations and liabilities of Namvar;

c.    Namvar created Namco which was operated pursuant to a scheme, plan and design conceived by Namvar whereby the income, revenue and profits of Namco were converted by Namvar to his own use and benefit;

d.    There was such a unity of interest and control between Namco, on the one hand, and Namvar, on the other hand, that the individuality and separateness of Namco and of Namvar ceased.  Adherence to the fiction of the separate existence of Namco shall improperly sanction inequity and promote injustice; and  Namvar held and does now hold substantial interest in Namco.

## THE TRANSACTION AND MISREPRESENTATIONS

7.    Prior to May 2, 2008, Namvar communicated to Plaintiff that Namco was a solvent corporation, that Namco was repaying loans made to it.  That interest on such loans would be paid at a rate not less than eight percent (8%) per annum, that a loan to Namco was safe and that if requested, Namco would secure the loan with an interest in a promissory note.

8.    Prior to May 2, 2008, Namvar communicated to Plaintiff that a loan to Namco would be supported by his reputation and that Namco always repaid its notes.

9.    Based on such representations on or about May 2, 2009 and thereafter on June 6, 2009, Plaintiff loaned to Namco the sum of $500,000 twice for a total loan of $1 million (the "Loans").

10.    The Loans from Plaintiff to Namco were evidenced by an unsigned promissory note for the May 2, 2008 loan a signed promissory note for the June 6, 2009.

11.    Plaintiff relied upon the representations made by Namvar to him personally in making the Loans.

12.    Plaintiff was justified in relying on Namvar based on his reputation in the Persian Jewish community and his personal representations to Kianmahd.  In addition, Namvar represented to Plaintiff orally and in writing that Namco would secure the repayment of the loan by providing to Plaintiff a security interest in a Deed of Trust securing a note with a balance of approximately $1,760,000.00.

[EDM\BANKR\529847.1]    3

13. After Plaintiff funded the Loans, Plaintiff learned that the Note securing the Deed of Trust was already sold, that there was no security available and that it was unlikely that Namco would ever be able to repay the Loans.

14. When Plaintiff asked Namvar for the return of his money by payment in full of the Note, they informed Plaintiff that they are unable to pay either the principal or interest on the Note unless and until certain properties on which they purportedly held promissory notes were sold and accordingly written demand for payment would be a futile act.

15. Plaintiff is informed and believes and thereon alleges that Namvar does not dispute that he owes $1 million plus interest thereon to Plaintiff.

16. In soliciting and accepting the Loans from Plaintiff, Namvar made, among other statements, the following misrepresentations, both expressly and through a continuous course of conduct that:

    a. the funds given in exchange for the notes were loaned to Namco and would be used for legitimate business purposes, when in fact, the funds were intended and in fact delivered to Namvar and his family members to fund their "Ponzi" scheme;

    b. Namvar was solvent and capable of paying the obligations. when in fact, Defendant Namvar was insolvent;

    c. That the Loans would be secured by a Deed of Trust securing a note with an outstanding balance of approximately $1,760,000.00.

17. Said representations were in fact false and known by Namvar to be false in that: At all pertinent times, Defendants failed to disclose that

    a. the Loans were intended and in fact delivered to Namvar and his family members to fund their "Ponzi" scheme;

    b. At all pertinent times, Namvar was insolvent;

    c. The Deed of Trust had been sold prior to the making of the Loans;

        d.    Neither Namco nor Namvar had any intention of repaying either the principal or the full amount of interest due on the Loans.

### FIRST CLAIM FOR RELIEF
### FOR MONEY HAD AND RECEIVED

18.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 17 above.

19.    Within the last two years at Los Angeles, California, Namvar became indebted to Plaintiff in the principal sums of $1 million , plus interest thereon in accordance with proof, for money had and received for the use and benefit of the Namvar.

20.    Although demand for payment has been made by Plaintiff, no part of that amount has been paid, and there is now due, owing and unpaid to Plaintiff the sum of $1 Million, plus interest thereon according to proof.

### SECOND CLAIM FOR RELIEF
### FOR UNJUST ENRICHMENT

21.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 17 above.

22.    Namvar became unjustly enriched in the sum of $1 million for money converted from Plaintiff to the use and benefit of the Namvar.

23.    Although demand for payment has been made, no part of the sum has been paid and there is now due, owing and unpaid to Plaintiff the sum of $1 million, plus interest thereon in accordance with proof.

### THIRD CLAIM FOR RELIEF
### FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT
### (11 U.S.C. § 523(a)(2)(A))

24.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs 1 through 17 above.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

25. Plaintiff alleges that the obligations due and owing to Plaintiff by Defendants are nondischargeable by reason of Bankruptcy Code §S23(a)(2)(A), based upon the false pretenses, misrepresentations and actual fraud, as set forth in Paragraphs 7 through 17, inclusive of this Complaint.

26. Plaintiff is informed and believes, and thereon alleges, that each of Namvar's inducements and representations were false and were part of a larger illegal financial scheme and but for such false promises and inducements and actual fraud, Plaintiff would not have given his money to Namvar.

27. Plaintiff is informed and believe, and thereon allege, that Namvar's conduct rose to the level of fraud as defined under Bankruptcy Code §523(a)(2)(A) and that Namvar's conduct was done with the intention to willfully and maliciously cause injury to Plaintiff, or with a willful and malicious intent which resulted in injury to Plaintiff, all as defined under Bankruptcy Code §523(a)(2)(A).

28. As a direct and proximate result of Defendants' false, fraudulent or deceptive acts, Plaintiff has sustained damages in an amount according to proof, but in no event less than $1 million plus interest according to proof.

29. As a further result of Namvar's conduct, Plaintiff has been required to expend attorneys' fees and costs in a sum according to proof at trial.

30. By reason of the foregoing, the debt owing to Plaintiff is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

**WHEREFORE**, Plaintiff Bijan Kianmahd prays for judgment against Ezri Namvar as follows:

<u>On Plaintiff's First and Second Causes of Action</u>:

A. The principal sum of $1 Million;

B. Interest according to proof.

1     <u>On Plaintiffs Fourth Cause of Action</u>:

2         A.    For a judgment that the debt owing by the Namvar to Plaintiff is

3 nondischargeable in this chapter 7 case.

5     <u>On All Causes of Action</u>:

6         A.    For costs of suit incurred herein;

7         B.    For Attorneys fees subject to proof; and

8         C.    For such other and further relief as this Court deems just and proper.

10 DATED: September 30, 2009    **SULMEYER**KUPETZ
    A Professional Corporation

13     By: /s/ Elissa D. Miller
        Elissa D. Miller
14         Attorneys for Plaintiff Bijan Kianmahd, an individual

[EDM\BANKR\529847.1]    7